ORDERED.

Dated: September 23, 2016

_____
Arthur B. Briskman
United States Bankruptcy Judge

### UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

AMANDA RAMIREZ,                    Case No. 6:12-bk-12910-ABB
                                   Chapter 7
    Debtor.
_____/

AMANDA RAMIREZ,

    Plaintiff,                     Adv. Pro. No. 6:15-ap-00127-ABB

v.

JPMORGAN CHASE BANK, N.A.,

    Defendant.
_____/

### MEMORANDUM OPINION

This matter came before the Court on the Plaintiff's Verified Motion for Default Final Judgment as to Defendant JPMorgan Chase Bank, N.A. (Doc. No. 13; the "Motion for Final Judgment"). Plaintiff, Amanda Ramirez ("Debtor") seeks a final default judgment which discharges $46,521.00 in student loan debt held by Defendant, JPMorgan Chase Bank, N.A. ("Chase"). The Court makes the following Findings of Fact and Conclusions of Law after

reviewing the pleadings and evidence, hearing argument and being otherwise fully advised in the premises.

## Procedural History

Debtor filed her voluntary Chapter 7 petition on September 21, 2012 (Bankruptcy Case Doc. No. 1; the "Petition Date"). Chase was listed as a creditor owed $46,521.00 for student loans obtained by the Debtor on Bankruptcy Schedule F (Bankruptcy Case Doc. No. 1, pg. 17). A discharge was entered in the Debtor's case on December 26, 2012 and the case was closed (Bankruptcy Case Doc. No. 9).

Debtor commenced this adversary proceeding on September 15, 2015 by filing a complaint seeking to discharge the student loans held by Chase pursuant to 11 U.S.C. §523(a)(8) (Doc. No. 1). Chase was served with the summons and complaint, but failed to respond. The clerk entered a default against Chase (Doc. No. 11). Debtor filed the Motion for Final Judgment which was heard on June 1, 2016 (Doc. No. 19). Debtor and her counsel appeared at the hearing providing testimony and argument in support of the Motion for Final Judgment. Chase did not appear. The Court directed the Debtor to file current Bankruptcy Schedules I and J, and a narrative to support the student loans were dischargeable. Debtor filed a memorandum of law and narrative to support the dischargeability of the student loans which attached current Bankruptcy Schedules I and J as exhibits (Doc. No. 20). This matter is now ripe for adjudication.

## Findings of Fact

Debtor is a single women in her late twenties with no dependents. She graduated from the University of Central Florida with a Bachelor of Science degree in English Language Arts Education (Doc. No. 20). She financed some of her education through private student loans held

2

by Chase.[1] Debtor's student loans with Chase total $46,521.00 which she seeks to discharge on the ground repayment would impose an undue hardship.

Debtor was employed as a teacher's assistant on the Petition Date (Bankruptcy Case Doc. No. 1, pg. 24). Debtor's net monthly income was $1,155.00 and her expenses totaled $1,385.00, leaving the Debtor with no disposable income (Bankruptcy Case Doc. No. 1, pg. 25). The Debtor's expenses did not list any installment payments for vehicles or other items (Bankruptcy Case Doc. No. 1, pg. 25).

Almost four years after the Petition Date, the Debtor is currently employed as a charter school teacher with an annual gross income of approximately $38,000.00 (Doc. No. 20, pg. 6). She continues to live with her parents (Doc. No. 20, pg. 6). Debtor's current net monthly income is $2,310.00 and her expenses total $2,252.00, leaving $58.00 of disposable income each month (Doc. No. 20, Ex. 2). The Debtor's monthly expenses include an installment payment of $287.00 for a vehicle, $200.00 for personal care products and services, $150.00 for entertainment, and $330.00 for credit cards and attorney's fees (Doc. No. 20, Ex. 2).[2] Debtor asserts she is at the maximum earning potential for her area of discipline and cannot pursue any form of post-graduate studies based on her outstanding student loan balance with Chase. Debtor did not disclose any disability or condition that would prevent continued or future employment.

Debtor made monthly payments of $126.00 to Chase for approximately three years, but was unable to continue. She contacted Chase to obtain an income or need based payment plan. Chase informed the Debtor her payments would be approximately $500.00 per month. Debtor contends repayment of the student loan is an undue hardship impeding her ability to obtain housing

---

[1] Debtor also has federal student loans.
[2] Debtor did not specify why she is paying monthly attorney's fees. To the extent the payments are for the prosecution of this adversary proceeding, Debtor's counsel has not filed a statement of compensation required by 11 U.S.C. §329(a) and the fees paid may be subject to disgorgement.

3

and start a family.

The student loan indebtedness is nondischargeable pursuant to Section 523(a)(8) of the Bankruptcy Code. Judgment is due to be entered in favor of Chase and against the Debtor.

### Conclusions of Law

The entry of a default does not, in itself, permit the court to enter a final judgment against the defendant. *Accel Motorsports Inc.,* v. *Rosario*, 2015 WL 232427 at *1 (Bankr. M.D. Fla. 2015). The pleadings must contain a sufficient basis for the final judgment to be entered. *Id.* Although the court "must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions." *Id. quoting De Lotta v. Dezenzo's Italian Rest., Inc.*, 2009 WL 4349806 at *2 (M.D. Fla. 2009). A court cannot "rubber-stamp" a request for default final judgment without first ensuring the factual allegations, taken as true, adequately support the legal claims asserted. *Id*.

A debtor is not entitled to a discharge of a student loan debt, unless excepting such debt from discharge "...would impose an undue hardship on the debtor and the debtor's dependents." 11 U.S.C. §523(a)(8). The Eleventh Circuit Court of Appeals adopted the *"Brunner* Test" to determine whether a student loan becomes dischargeable because of a borrower's undue hardship. *Hemar Ins. Corp. of Am. v. Cox,* 338 F.3d 1238, 1241 (11th Cir. 2003). The *Brunner* Test is a three prong test requiring the party seeking discharge of an education loan debt to demonstrate by a preponderance of the evidence:

(1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans;

(2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and

(3) that the debtor has made good faith efforts to repay the loans.

*Education Credit Mgmt. Corp. v. Mosley,* 494 F.3d 1320, 1324-25 (11th Cir. 2007) (quoting *Brunner v. New York State Higher Education Services Corp.* 831 F.2d 395, 396 (2d Cir. 1987)). "If one of the elements of the test is not proven, the inquiry ends, and the student loan cannot be discharged." *In re Russotto,* 370 B.R. 853, 856 (Bankr. S.D. Fla. 2007); *In re Southard,* 337 B.R. 416, 420 (Bankr. M.D. Fla 2006). Section 523(a)(8) does not permit a discharge, partial or otherwise, absent a finding of "undue hardship." *In re Cox,* 338 F.3d at 1242.

The first prong of the *Brunner* Test requires a debtor to demonstrate excepting the student loan from discharge will prevent her from maintaining a minimal standard of living. *In re Wolfe,* 501 B.R. 426, 435 (Bankr. M.D. Fla. 2013). A debtor is not required to live in poverty, but may not necessarily maintain her previous standard of living. *Educational Credit Mgmt. Corp. v. Stanley,* 300 B.R. 813, 818 (N.D. Fla. 2003).

Debtor's income and expenses do not illustrate an inability to maintain a minimal standard of living if forced to pay the student loan. Debtor's income and expenses have *increased* since the Petition Date. Debtor's current income is more than three times the poverty level for an individual. Debtor could reduce her expenses for items such as personal care products and entertainment, and cease the use of credit cards, allowing for payment of the Chase student loans. Yet, even if the Debtor is unable to reduce these expenses to maintain a minimal standard of living, Debtor still fails the *Brunner* Test.

The second prong of the *Brunner* Test requires a debtor to establish "an inability to pay that is likely to continue for a significant time." *In re Cox,* 338 F.3d at 1242. The inability to pay is not simply a "temporary dire financial situation," but a "certainty of hopelessness." *In re Matthews-Hamad,* 377 B.R. 415, 422 (Bankr. M.D. Fla. 2007).

Debtor failed to establish an "inability to pay that is likely to continue for a significant time." Debtor is young, college educated, and did not disclose any disability or condition that would prevent continued or future employment. She does not provide care for any dependent. Debtor's income has doubled since the Petition Date. It is unlikely the Debtor's inability to pay will continue for a significant time. Debtor could seek other employment, supplement her current income with part-time employment, or share housing expenses with another. There is no "certainty of hopelessness" as to Debtor's ability to repay the loans into the future.

The Court is sympathetic to the Debtor's difficult financial situation; but she failed to carry her burden. As the Debtor failed to meet the first two prongs of the *Brunner* Test, this Court declines to address whether a good faith effort was made to repay the student loans with Chase.

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that the Motion for Final Judgment (Doc. No. 13) is hereby **DENIED**; and it is further

**ORDERED, ADJUDGED and DECREED** that the relief sought in Debtor's Complaint (Doc. No. 1) is hereby **DENIED**; and it is further

**ORDERED, ADJUDGED and DECREED** that the indebtedness owed to Chase is **NONDISCHARGEABLE** pursuant to 11 U.S.C. § 523(a)(8).

A separate Judgment consistent with these Findings of Fact and Conclusions of Law shall be entered contemporaneously.